**The STATE of Ohio, Appellee,**

**v.**

**CHAPMAN, Appellant.**

[Cite as *State v. Chapman* (1996), 112 Ohio App.3d 607.]

Court of Appeals of Ohio,
Twelfth District, Fayette County.

No. CA95–01–003.

Decided July 22, 1996.

*Steven H. Eckstein,* Fayette County Prosecuting Attorney, for appellee.

*J. Michael Westfall,* Assistant Public Defender, for appellant.

---

*Per Curiam.*

This cause is before the court on the granting of an application for reopening filed by defendant-appellant, William Chapman. App.R. 26(B). On appellant's separate motion, the matter has been placed on the accelerated calendar pursuant to Loc.R. 6.

Appellant claims he was denied the effective assistance of counsel on direct appeal when appellate counsel failed to raise as error the indefinite sentence appellant received on a fourth degree felony charge of domestic violence in case No. 930013 CR.

Since the state dismissed the specification accompanying the domestic violence charge, appellant was clearly entitled to a definite sentence. See *State v. Witwer* (1992), 64 Ohio St.3d 421, 596 N.E.2d 451; *State v. Meadows* (June 13, 1994), Fayette App. No. CA93–10–023, unreported, 1994 WL 250106. Thus, the imposition of an indefinite sentence constituted plain error. See *State v. Key* (Feb. 2, 1994), Hamilton App. Nos. C–930205 and C–930206, unreported, 1994 WL 25313.

We accordingly conclude that the failure to raise the indefinite sentence as error denied appellant the effective assistance of counsel on direct appeal. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373. Appellate counsel's performance was deficient and appellant was clearly prejudiced by that deficiency. App.R. 26(B)(9). Consequently, the assignment of error presented in the reopened appeal is hereby sustained.

This court's October 23, 1995 entry and opinion are modified to reflect that the indefinite sentence imposed in case No. 930013 CR is reversed and the matter is remanded for resentencing.

*So ordered.*

WALSH, P.J., KOEHLER and POWELL, JJ., concur.